UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

"IN ADMIRALTY"

ROBERT SCHLEEF,

    Plaintiff,

v.                                                       CASE NO. 3:11-cv-650-J-32JBT

SAILING VESSEL "CLUELESS," etc.,
*in rem*, and MICHAEL A. MEYER,
registered owner, *in personam*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Motion for Final Default Judgment Against Defendant Vessel Clueless ("Clueless") and for Permission to Credit Bid with Memorandum of Law ("the Motion") (Doc. 36). The Motion requests that the Court (1) enter a default judgment against Clueless, *in rem*; (2) find that Plaintiff's claim "is a preferred maritime lien which is prior and superior to the claims of [Clueless'] owner or of anyone else to [Clueless] and to the remnants and surpluses thereof"; and (3) permit Plaintiff to credit bid his judgment at the sale of Clueless. (*Id.* at 6-7.) Plaintiff gave sufficient notice of this action to all potentially interested parties, but no

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

such party has appeared despite being given adequate time to do so.  For the reasons discussed herein, it is **RECOMMENDED** that the Motion be **GRANTED in part and DENIED in part**.  The recommended denial pertains only to $147.18 in requested costs.

I. **Introduction**

Plaintiff brought this action against Clueless, *in rem*.[2]  In his Verified Amended Complaint for Salvage ("the Complaint"), Plaintiff alleges a single count for merit salvage against Clueless.  (Doc. 21.)

On August 23, 2011, the Court ordered that Clueless be arrested and appointed Plaintiff substitute custodian of the vessel.  (Docs. 11 & 12.)  Plaintiff has published notice of the arrest and filed proof of such notice as required by Supplemental Rule C(4) and Local Admiralty Rule 7.03(d).  (Doc. 17.)  Plaintiff has also satisfied Local Rule 7.03(h) by demonstrating that he has made a diligent effort to give actual notice of this action to the only person known to have a possessory interest in Clueless, Co-Defendant and registered owner Michael A. Meyer.  (*See* Doc. 22, 24, 26 & 28.)  Neither Defendant Meyer nor any other person or entity has filed a claim to Clueless or otherwise appeared in this action, despite being given adequate time to do so.  *See* Local Admiralty Rule 7.03(f).  Accordingly, upon

---

[2] Plaintiff has also brought an *in personam* action against Defendant Michael A. Meyer.  (Docs. 1 & 21.)  However, Plaintiff has never properly served Defendant Meyer with process, and the Motion does not seek default judgment against him.  Moreover, at the status conference held on March 27, 2012, Plaintiff stated that he would be dismissing this action as to Defendant Meyer.

Plaintiff's motion of March 13, 2012 (Doc. 32), the Clerk entered a default against Clueless on March 14, 2012 (Doc. 34).

In the present Motion, Plaintiff seeks entry of a default judgment in the amount of $6,836.55 against Clueless, *in rem*, which represents $3,010.00 in salvage fees, $2,250.00 in *custodia legis* storage fees, and $1,576.55 in costs. (Doc. 36.) Plaintiff anticipates filing a motion to schedule the sale of Clueless after the Court enters default judgment. (Doc. 19 at 2; Doc. 31 at 2.) Plaintiff requests that he be allowed to credit bid his judgment at the sale of Clueless, which he estimates is worth $6,000.00. (Doc. 36; Doc. 36-1 at 3.)

The Motion is ripe for resolution. As discussed herein, the Court has jurisdiction over the claim presented in the Complaint, which adequately states a claim for which relief may be granted. Plaintiff is entitled to the salvage fees, *custodia legis* fees, and most of the costs he requests. However, the $147.18 Plaintiff seeks for "other" costs is not recoverable, and the undersigned recommends that Plaintiff not be awarded this amount and the Motion be denied to that extent. A hearing on the amounts of the requested fees and costs is unnecessary because Plaintiff has sufficiently established these amounts by declaration. For these reasons, it is recommended that the Motion be granted to the extent stated herein.

## II.     Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when the defendant fails to plead or

otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* FED. R. CIV. P. 55(a). Second, and in general, after receiving the clerk's default, the court, or in some instances the clerk, may enter a default judgment against the defendant for not appearing. *See* FED. R. CIV. P. 55(b).

The law is well settled that through his or her default, a defendant "admit[s] [a] plaintiff's well-pleaded allegations of fact . . . ." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Patray v. Nw. Publ'g., Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). However, a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment"). A sufficient basis must exist in the pleadings for a default judgment to be entered. *See Nishimatsu*, 515 F.2d at 1206. Accordingly, before entering a default judgment the Court must ensure it has jurisdiction over the claims and the complaint adequately states a claim for which relief may be granted. *Id.*; *see also GMAC Commercial Mortgage Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

Rule 8 provides the applicable pleading standard, and requires that a complaint include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that

4

the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* FED. R. CIV. P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). However, a "plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555.

III. **Analysis**

  A. **Subject Matter Jurisdiction**

In the Complaint, Plaintiff alleges that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333. (Doc. 21 at 1.) This statute vests district courts with original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333.

Plaintiff alleges that "Clueless was foundering in the waters of Mill Cove in the St. Johns River." (Doc. 21 at 2.) Further, he alleges that he "rendered merit salvage service to [Clueless] as a volunteer" by towing Clueless to safety. (Doc. 21 at 2-3.) For purposes of admiralty jurisdiction, the St. Johns River is a part of the navigable waters of the United States. *See Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347-350

(11th Cir. 1994) (holding that a boat in dry dock on the Miami River was on navigable waters for purposes of admiralty jurisdiction); *see also Mass. Bonding & Ins. Co. v. Lawson*, 149 F.2d 853, 853 (5th Cir. 1945) (holding, in an analogous context, that the St. Johns River is "a part of the navigable waters of the United States"). Moreover, "[c]laims arising out of salvage operations efforts to rescue or recover ships disabled or abandoned at sea or to retrieve their cargo are, unquestionably, within the admiralty jurisdiction of the federal courts." *Treasure Salvors, Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel*, 640 F.2d 560, 566 (5th Cir. 1981). Therefore, Plaintiff's claim is a "civil case of admiralty or maritime jurisdiction," and the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1333.

> **B. Whether Plaintiff Has Stated a Claim for Which Relief May Be Granted**
>
> In order to make out a claim for pure salvage—as opposed to contract salvage—a salvor must establish three elements: "1. A marine peril. 2. Service voluntarily rendered when not required as an existing duty or from a special contract. 3. Success in whole or in part, or service contributing to such success."

*Flagship Marine Servs., Inc. v. Belcher Towing Co.*, 966 F.2d 602, 604-05 (11th Cir. 1992) (citations omitted); *see also R.M.S. Titanic, Inc. v. Wrecked and Abandoned Vessel*, 286 F.3d 194, 202-04 (4th Cir. 2002) ("A salvor in admiralty is one who voluntarily saves life or property at sea."); *Schiffahartsgesellschaft Leonhardt & Co., A. Bottacchi S.A. De Navegacion*, 773 F.2d 1528, 1535 (11th Cir. 1985) ("[T]he

6

principle of salvage rewards a salvor of property in peril with a maritime lien in that property in an attempt to induce rescue."). "By saving property at sea, salvors do not become the property's owner; rather, they save it for the owners and become entitled to a reward from the owner or from his property." *R.M.S. Titanic, Inc.*, 286 F.3d at 202 (citations omitted). "The principle method of enforcing a salvor's award is through the recognition of a salvor's lien in the property saved. This maritime lien arises from the moment salvage service is performed, and, as with any other lien, secures the payment of the as-yet-to-be-determined salvage award." *Id.* at 203 (citations omitted).

In the Complaint, Plaintiff alleges that "[o]n or about June 9, 2011, [he] observed that [Clueless] was foundering in the waters of Mill Cove in the St. Johns River . . . . Upon information and belief, [Clueless] had been foundering unmanned in the waters of Mill Cove for several days prior to June 9, 2011." (Doc. 21 at 2.) Further, Plaintiff alleges the following:

> On or about June 16, 2011, [he] brought his Bow Rider to the waters adjacent to the shallow marsh waters where [Clueless] was foundering. A crewmember of the Bow Rider then took a kayak and paddled into the shallow marsh waters, went alongside the outboard, affixed a tow line to [Clueless], and brought the tow line back to the Bow Rider. Plaintiff Schleef then proceeded to tow [Clueless] to safety. Plaintiff Schleef rendered merit salvage service to [Clueless] as a volunteer. Plaintiff Schleef was under no duty or contract to the salved vessel, her owner, master or underwriters.

(*Id.* at 2-3.)

Plaintiff further alleges that "[t]he salvage service was prompt, efficient and

7

successful; and was merit salvage of the highest order. The successful salvage of [Clueless] avoided damages, costs and liability for pollution, degradation fo the marine environment and for wreck removal." (*Id.* at 3.) He alleges that "The value of [Clueless] and its accoutrements is $6,000.00. Plaintiff Schleef claims a maritime lien for merit salvage of the highest order. [He] has not received any payment for salvage services." (*Id.*)

Given these allegations, Plaintiff has stated a claim for which relief may be granted in the Complaint, and he is entitled to a salvage award. Further, given that no other claimant has appeared in this case, despite being given adequate notice and time to do so, the undersigned concludes that Plaintiff's claim is a preferred maritime lien, which is prior and superior to the claims of Clueless' owner or of anyone else to Clueless. *See* Order, *United States v. M/V Cape May Light*, No. 3:02-cv-762-HLA (Feb. 28, 2003) (Doc. 24); *see also Rayon Y Celanese Peruana, S.A. v. M/V PHGH*, 471 F. Supp. 1363, 1369 (S.D. Ala. 1979) (ranking the priority of maritime liens, with *custodia legis* expense liens ranked first and salvage liens ranked third overall).

### C.     Demand for Relief

As required by Rule 8, the Complaint contains a prayer for relief. (Doc. 21 at 3-4.)

### D. Rule 54(b) Requirements—"Final Judgment" and "No Just Reason for Delay"

Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b). Rule 54(b) was originally adopted "in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." FED. R. CIV. P. 54 advisory committee's note.

When deciding whether to certify a judgment under Rule 54(b), there is a two-step analysis in which a district court must engage. "A district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Only then may the court proceed to the second step in the analysis: whether there is no just reason for delay. *Id.* at 8.

#### 1. "Final Judgment"

In regard to the "final judgment" requirement, the Supreme Court has explained that "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* at 7. A judgment is "final" for purposes of Rule 54(b) when it "disposes entirely

9

of a separable claim or dismisses a party entirely." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995) (citation omitted). In the Motion, Plaintiff seeks a default judgment against Clueless, *in rem*, in regard to the only count in the Complaint. (Doc. 36.) Therefore, by granting the Motion, the Court would "dismiss a party entirely." Thus, the requested default judgment would be a final judgment under Rule 54(b).

### 2. "No Just Reason for Delay"

Having determined that the "final judgment" requirement is met, the Court must next decide whether there is "no just reason for delay." This determination is left to the discretion of the district court. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777-78 (11th Cir. 2007); *Se. Banking Corp.*, 69 F.3d at 1550. In deciding whether there is "no just reason for delay," the Court should consider the "'the historic federal policy against piecemeal appeals'" and "'the equities involved.'" *Lloyd Noland*, 483 F.3d at 778 (citation omitted).

For the following reasons, the Court finds that there is "no just reason for delay" in entering final default judgment against Clueless. First, the Court considers the difficulty Plaintiff has experienced in his attempts to serve process on the other Defendant in this case. Second, the Court considers the fact that Defendant Clueless has been in Plaintiff's custody for approximately eight months. Moreover, despite proper notice of this action being published in September 2011 (Doc. 17), neither Defendant Meyer nor any other person or entity has filed a claim to Clueless

10

or otherwise appeared in this action. Upon consideration of this history, the Court finds that the equities weigh in favor of the entry of the requested default judgment.

Because the "final judgment" requirement is satisfied and there is "no just reason for delay," certification under Rule 54(b) is proper.

### E. The Supreme Court's Opinion in *Frow v. De La Vega*

In *Frow*, the Supreme Court held that, under certain circumstances, a district court is prohibited from entering a default judgment against less than all of the defendants in a case prior to a decision on the merits as to the remaining defendants. 82 U.S. at 554. While there is debate among the Circuits over the reach of *Frow*, see *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1006-07 (N.D. Cal. 2001), the Eleventh Circuit has adopted a more expansive interpretation, concluding that *Frow*'s prohibition applies "even when defendants are similarly situated, but not jointly liable," *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *Essex Ins. Co. v. Anchor Marine Envtl. Servs., Inc.*, 2010 WL 5174025, at *1 (M.D. Fla. Nov. 18, 2010); *Figueroa, v. Image Rent a Car, Inc.*, 2010 WL 3894356, at *2 (M.D. Fla. Sept. 10, 2010). "Nevertheless, *Frow* has been interpreted to apply only where there is a risk of inconsistent adjudications." *Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000) (citation omitted).

In this case, Defendant Meyer's personal liability, if any, is conditioned entirely on whether Plaintiff is entitled to an award for salvage of Defendant Clueless. The

11

value of Plaintiff's claim appears to be roughly equivalent to the value of Clueless. Thus, as a practical matter, given the difficulty Plaintiff has had in serving Defendant Meyer, and Plaintiff's stated intent to dismiss his claim against Meyer,[3] it is unlikely that Plaintiff would pursue a claim against Meyer, and perhaps unlikely that Meyer would defend such a claim. Thus, *Frow* does not prohibit the Court from granting the Motion because there is no significant risk of inconsistent adjudications.

**F. Amounts Claimed**

"[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam); *see also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, courts have wide discretion in determining whether a hearing is necessary. *Diversified Fin. Sys., Inc. v. Tomich Corp.*, No. 95 CV 4211, 1997 WL 177873, at *3 (E.D.N.Y. Mar. 18, 1997). And "courts have found that it is not necessary to conduct a hearing and that damages may be determined by way of affidavit and other documentary evidence." *Maloney v. Disciples Ltd., LLC*, No. 1:06CV00124, 2007 WL 1362393, at *2 (M.D.N.C. May 8, 2007).

Here, Plaintiff seeks a salvage award of $3,010.00. The following principles govern the proper amount of salvage awards:

"[S]alvage is the reward granted for saving the property of the

---

[3] *See supra* note 2.

>     unfortunate, and should not exceed what is necessary to insure the most prompt, energetic, and daring effort of those who have it in their power to furnish aid and succor. Anything beyond that would be foreign to the principles and purposes of salvage; anything short of it would not secure its objects. The courts should be liberal, but not extravagant; otherwise that which is intended as an encouragement to rescue property from destruction may become a temptation to subject it to peril."

*J. M. Guffey Petroleum Co. v. Borison*, 211 F. 594, 601 (5th Cir. 1912) (citation omitted).

Plaintiff has provided a declaration in support of this request for a salvage award. (Doc. 36-1.) This declaration provides support for Plaintiff's requests for $2,100.00 for soft grounding, $150.00 for towing, and $760.00 for storage. (*Id.* at 3.) In light of the above stated principles, the undersigned concludes that the requested salvage award is "liberal, but not extravagant," and otherwise justified.

Plaintiff also seeks *custodia legis* fees, and has provided another declaration in support of this request. (Doc. 36-2.) "[C]laims for necessaries provided to a ship after its arrest 'are paid as expenses of justice in priority to all lien claims when the dictates of equity and good conscience so require.'" *Dresdner Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267, 1272-73 (11th Cir. 2006) (citations omitted). The subject declaration provides support for Plaintiff's request for $2,250.00 in post-arrest storage fees. The undersigned finds that the requested fees are reasonable. Further, given that the Court appointed Plaintiff as substitute custodian of Clueless after the vessel's arrest, the undersigned concludes that equity and good conscience

require awarding to Plaintiff the requested *custodia legis* fees.

In addition, Plaintiff seeks to recover costs. Pursuant to 28 U.S.C. § 1920, certain costs are recoverable. *See Reliable Salvage & Towing, Inc. v. 35' Sea Ray*, 2011 WL 2418891, at *4-5 (M.D. Fla. June 13, 2011) (awarding costs pursuant to 28 U.S.C. § 1920 in the context of pure salvage). Plaintiff's attorney has provided a declaration in support of this request, which reflects the following costs: $390.00 (filing fee); $19.37 (postage); $20.00 (copies); $1,000.00 (U.S. Marshal); and $147.18 ("Other"). (Doc. 36-3 at 1.) All of these costs are recoverable, except the unspecified costs designated as "Other." *See* 28 U.S.C. § 1920; *Reliable Salvage*, 2011 WL 2418891, at *4 ("Under § 1920 'other costs' are not recoverable."). Accordingly, the undersigned will recommend that Plaintiff be awarded $1,429.37 ($1,576.55 - $147.18) in costs.

All of the amounts claimed by Plaintiff are capable of mathematical calculation based on the declarations provided. *United Artists Corp.*, 605 F.2d at 857. Accordingly, an evidentiary hearing on these amounts is not necessary. Based on the allegations of the Complaint, which are deemed admitted, and the assertions in the declarations, the undersigned determines that awards of $3,010.00 (salvage award), $2,250.00 (*custodia legis* fees), and $1,429.37 (costs) are appropriate. Therefore, a total award of $6,689.37 is appropriate.

**G.  Credit Bid**

Plaintiff requests that he be permitted to credit bid his judgment at the sale of

Clueless. (Doc. 36 at 3.) This is appropriate. *See Bank of America v. Hoy*, 2010 WL 5463103, at *3 (M.D. Fla. Dec. 29, 2010) (allowing the plaintiff to credit bid its judgment at the sale of the vessel); *Broward Marine Refit, LLC v. M/Y "Victory"*, 2009 WL 2422398, at *1 (S.D. Fla. Aug. 6, 2009) (same). Accordingly, the undersigned concludes that Plaintiff should be allowed to credit bid the recommended judgment of $6,689.37 at the sale of Clueless.

## IV. Conclusion

As discussed above, the Court has jurisdiction over the claim alleged in the Complaint. Moreover, by the default entered against Clueless, all of Plaintiff's well-pleaded allegations of fact are deemed admitted. *Nishimatsu*, 515 F.2d at 1206. Further, as discussed above, those allegations state a claim for which relief may be granted. Moreover, Rule 54(b)'s requirements are satisfied, and there is no significant risk of inconsistent adjudications among the two Defendants. To the extent stated above, Plaintiff is entitled to the amounts he seeks to recover for a salvage award, *custodia legis* fees, and costs. For these reasons, the undersigned recommends that the Court enter default judgment against Clueless in the amount of $6,689.37. Finally, the undersigned recommends that Plaintiff be allowed to credit bid his judgment at the sale of Clueless.

Accordingly, it is respectfully **RECOMMENDED** that:

The Motion (**Doc. 36**) be **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff's claim to Clueless be declared a preferred maritime lien which

is prior and superior to the claims of Clueless' owner or of anyone else to Clueless.

      2.    Final default judgment be entered against Clueless in the amount of $6,689.37.

      3.    Plaintiff be allowed to bid his judgment at the public sale of Clueless, and Plaintiff not be required to pay any cash or other payment unless and until his successful bid exceeds the total of his judgment against Clueless.

**DONE AND ENTERED** at Jacksonville, Florida, on April 26, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:   The Honorable Timothy J. Corrigan
                United States District Judge

                Counsel of Record